```
 1  RANDY S. GROSSMAN
    Acting U.S. Attorney
 2  RYAN A. SAUSEDO
    Assistant U.S. Attorney
 3  California Bar No. 264075
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  (619) 546-9689
    ryan.sausedo@usdoj.gov
 6
    Attorneys for Plaintiff
 7  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,      | Case No. 21cr636-03-WQH |
|---|---|
| Plaintiff, v.                  | PLEA AGREEMENT |
| CESAR SOLIS BERNARD (3),       |  |
| Defendant.                     |  |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, RANDY S. GROSSMAN, Acting U.S. Attorney, Ryan A. Sausedo, Assistant U.S. Attorney, and Defendant CESAR SOLIS BERNARD with the advice and consent of Armilla Staley-Ngomo, counsel for Defendant, as follows:

//
//
//
//
//
//
//
//
//

Plea Agreement                                                Def. Initials _C̲S̲B̲_

I

**THE PLEA**

A. <u>THE CHARGE</u>

Defendant agrees to plead guilty to *Counts 3 and 4* of the Indictment [ECF No. 1] charging defendant with:

<u>Count 3</u>

On or about February 6, 2021, on board a vessel subject to the jurisdiction of the United States, while on the high seas, defendants FRANKLIN TINOCO ARAUZ, JAIRO MATAMOROSS, and CESAR SOLIS BERNARD, did knowingly and intentionally possess, with intent to distribute, 5 kilograms and more, to wit: approximately 100 kilograms (220 pounds) of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 46, United States Code, Section 70503, and Title 18, United States Code, Section 2.

<u>Count 4</u>

On or about February 6, 2021, on board a vessel subject to the jurisdiction of the United States, while on the high seas, defendants FRANKLIN TINOCO ARAUZ, JAIRO MATAMOROSS, and CESAR SOLIS BERNARD, did knowingly and intentionally possess, with intent to distribute, 100 kilograms and more, to wit: approximately 1,000 kilograms (2,200 pounds) of a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance; in violation of Title 46, United States Code, Section 70503, and Title 18, United States Code, Section 2.

B. <u>DISMISSAL OF REMAINING COUNTS</u>

The Government agrees to (1) move to dismiss any remaining counts, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

C. **PRESERVATION OF EVIDENCE**

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

D. **VENUE**

Defendant further agrees to waive any potential argument that venue in the Southern District of California is not proper.

E. **PACKAGE DISPOSITION**

This plea agreement is part of a "package" disposition as set forth in Section VI.E below. In order for defendant to receive the benefit of this agreement, codefendants FRANKLIN TINOCO ARAUZ and JAIRO MATAMOROSS, also must plead guilty at the same time. *See* Section VI.E below.

II

**NATURE OF THE OFFENSE**

A. **ELEMENTS EXPLAINED**

The offense to which Defendant is pleading guilty has the following elements:

1. Defendant knowingly possessed cocaine and marijuana;

2. Defendant possessed the cocaine and marijuana with the intent to distribute it to another person; and

3. The cocaine and marijuana was on board a vessel subject to the jurisdiction of the United States.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of cocaine on board

the vessel was at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine and that the amount of marijuana on board the vessel was at least 100 kilograms of a mixture and substance containing a detectable amount of marijuana.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about February 6, 2021, defendants FRANKLIN TINOCO ARAUZ, JAIRO MATAMOROSS, and CESAR SOLIS BERNARD knowingly and intentionally possessed at least 5 kilograms of cocaine, to wit: approximately 100 kilograms (220 pounds); and, at least 100 kilograms of marijuana, to wit: approximately 1,000 kilograms (2,200 pounds) on board a go-fast vessel with the intent to distribute it to another person.

2. Defendant CESAR SOLIS BERNARD, further agrees that on or about February 6, 2021, he was a crewmember on board a go-fast vessel without nationality, on the high seas, approximately 75 nautical miles northeast of Isla de Malpelo, Colombia, in the Eastern Pacific Ocean.

3. Defendant CESAR SOLIS BERNARD also agrees that the United States could prove beyond a reasonable doubt that no claim of registry or nationality was made by the master of the go-fast vessel, the vessel was not flying a nation's ensign or flag, and the vessel did not possess any documents evidencing the vessel's nationality, thus rendering the vessel without nationality and subject to the jurisdiction of the United States.

//
//
//
//

## III

## **PENALTIES**

The crime to which Defendant is pleading guilty carries the following penalties:

### COUNT 3

A. a maximum life in prison;
   *and a mandatory minimum 10 years;*

B. a maximum $10,000,000 fine;

C. a mandatory special assessment of $100.00;

D. a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E. possible ineligibility for certain Federal benefits.

### COUNT 4

A. A maximum 40 years' in prison;
   *and a mandatory minimum 5 years;*

B. a maximum $5,000,000 fine;

C. a mandatory special assessment of $100.00;

D. a term of supervised release of at least 4 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E. possible ineligibility for certain Federal benefits.

//
//
//

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be

required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

E. The disposition contemplated by this agreement is part of a "package" disposition with codefendant(s) FRANKLIN TINOCO ARAUZ and JAIRO MATAMOROSS. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

//
//

Plea Agreement                    7                    Def. Initials C.&B

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. ***Defendant agrees to request that a presentence report be prepared.*** Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of

the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1(c)(3)] | 34 |
| 2. | Safety Valve [§ 2D1.1(b)(18)] | -2* |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 4. | Comb. of Circumstances [§ 5K2.0] | -2 |

**\*If defendant truthfully discloses to the government all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for the "safety valve" in § 5C1.2, the government will recommend a two-level reduction under § 2D1.1(b)(18), and relief from any statutory mandatory minimum sentence pursuant to § 5C1.2. Defendant understands that if he does not**

Plea Agreement 9 Def. Initials _EDB_

**qualify for § 5C1.2, defendant may be subject to a statutory mandatory minimum sentence.**

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A. above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

1. Except as described in paragraph C.2 below, Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

2. The defendant may not seek any additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553 based on the defendant's transportation or detention before his initial appearance in the Southern District of California. This includes, but is not limited to, arguments based on the conditions of detention while at sea or the amount of time detained at sea before the initial appearance.

D.  **NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY**

The parties have **no** agreement as to Defendant's Criminal History Category.

E.  **"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION**

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.  **PARTIES' RECOMMENDATIONS REGARDING CUSTODY**

The Government agrees to recommend the greater of: within the advisory guideline range as calculated by the Government; the statutory mandatory minimum sentence, if applicable; or, the time served in custody at the time of sentencing.

G.  **SPECIAL ASSESSMENT/FINE**

   1.  **Special Assessment**

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

   2.  **Fine**

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

//

Plea Agreement               11                    Def. Initials _CJB_

H.  SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//

## XVI

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
Acting U.S. Attorney

10-21-2021
DATED

*/s/ Ryan A. Sausedo*
RYAN A. SAUSEDO
Assistant U.S. Attorney

10/8/21
DATED

*/s/ Armilla Staley-Ngomo*
ARMILLA STALEY-NGOMO
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

10/8/21
DATED

*/s/ Cesar SB*
CESAR SOLIS BERNARD
Defendant

Approved By:

_____
VICTOR P. WHITE
Assistant U.S. Attorney

Plea Agreement

15

Def. Initials CSB